IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| STEPHANIE MERCIER,  )<br>AUDRICIA BROOKS,  )<br>DEBORAH PLAGEMAN,  )<br>JENNIFER ALLRED, and  )<br>MICHELE GAVIN, on behalf of  )<br>themselves and all others similarly  )<br>situated,  )<br>  )<br>Plaintiffs,  )<br>  )<br>v.  )<br>  )<br>THE UNITED STATES OF AMERICA,  )<br>  )<br>Defendant.  )  | Case No. 12-920 C<br><br>Judge Elaine D. Kaplan |

**PARTIES' PROPOSED PLAN FOR PROVIDING NOTICE
TO POTENTIAL CLASS MEMBERS IN ACCORDANCE WITH RCFC 23(c)(2)**

Pursuant to the Court's Opinion and Order of June 7, 2018 (Op. and Order) (ECF No. 138), the parties respectfully submit this proposed plan for providing notice to potential class members in accordance with Rule 23(c)(2) of the Rules of the Court of Federal Claims (RCFC).

*Two Notices.* The parties propose to send two separate notices, both of which contain substantially the same information. One notice will be sent to Advance Practice Registered Nurses (including nurse practitioners, clinical nurse specialists, and nurse anesthetists) (collectively, APRNs). The other notice will be sent to Physician's Assistants (PAs).

The only substantive difference in the two notices pertains to the applicable statute of limitations. For APRNs, the parties agree that the statute of limitations bars any claims for payment for work performed before December 28, 2006, the date the original Complaint was filed. For PAs, the parties agree that the statute of limitations bars any claims for payment for work performed before November 16, 2009, six years before the date the Amended Complaint was filed, adding PAs as plaintiffs.

*Content of the Notices*.  The parties have agreed upon most of the substance of the notices, as reflected in the attached proposed draft notices.[1]  The parties propose a question-and-answer format for the notices.  The notices first introduce the class action in laymen's terms by answering the following questions:

- Why did I get this notice?

- What is this lawsuit about?

- What is a class action and who is involved?

- Why is this lawsuit a class action?

- How does the United States (VA) answer the lawsuit?

- Has the court decided who is right?

- What are the Plaintiffs asking for?

Next, the notices generally inform the potential class members of what persons are covered by the class action and the rights related to and options for joining the class action by answering the following questions:

- Am I part of this Class Action?

- Who can be part of this Class Action?

- Who should I contact if I am not sure whether I can be a part of this Class Action?

- How can I join the Class Action?

- What happens once I join this Class Action?

---

[1] The draft notices attached do not address the class definition requirement that the APRN or PA "work[s], [has] worked, or will work *at VA facilities where at least one opt-in plaintiff also works, or has worked*, as of November 30, 2017."  Op. and Order at 12 (emphasis added).  This unresolved issue is discussed in detail below.  In the event the parties agree, or the Court directs, that the notices address this requirement, the notices will be amended accordingly.

- Does joining the Class Action cost any money?

- What happens if I do not joint this Class Action?

- How long do I have to decide whether to join the Class Action?

- Can the VA or the United States retaliate against me for joining this Class Action?

To facilitate potential class members' understanding of this action and the content of the notices, the notices will identify a Class Action Administrator, tasked, among other things, with receipt of consent forms and declarations and hosting a website that will provide information about the lawsuit and copies of relevant court filings. The web address for the website will be included in the notices. The notices will direct potential class members to the website to find more information about this class action.

The notices also identify the lawyers representing the class in this lawsuit and describes the scope of their representation by answering the following questions:

- Do I have a lawyer in this case?

- Should I get my own lawyer?

Finally, the notices will include a "Plaintiff Consent Form and Declaration" that the potential class members must use to opt into the class. The proposed notices state that a potential class member has 90 days from the date of the notices to opt into the class by sending the signed Plaintiff Consent Form and Declaration to the Class Action Administrator. The Plaintiff Consent Form and Declaration must be postmarked by the 90-day deadline.

*Class Action Administrator.* Although the parties have agreed to the retention of a Class Action Administrator, the parties have not agreed upon the firm that will be used or any cost-sharing for such services. The parties have not yet finalized the scope of the Class Action Administrator's responsibilities, but expect that the Class Action Administrator will, among

other things, (1) oversee the mailing of the notices after the United States has provided last known mailing addresses and e-mail addresses of the identified potential class members; (2) keep logs of returned mail, attempt to find updated addresses for returned mail, and re-send the notices if updated addresses are found; (3) develop and maintain an informational website regarding the lawsuit and opt-in details; (4) accepting and logging Plaintiff Consent Form and Declarations from class members who have opted in; and (5) preparing any reports of class administration activities as directed.

*Unresolved Issues.*  The parties have worked in good faith to reach agreement upon the proposed plan for notice to potential class members, but at least five issues remain unresolved.

First, the parties remain in discussion as to how to identify the "facilities" covered by the class.  The Court certified the class to include, among other things, APRNs and PAs "[w]ho work, have worked, or will work at VA facilities where at least one opt-in plaintiff also works, or has worked, as of November 30, 2017."  Op. and Or. at 12.  Further discussion is needed to reach agreement upon specifically which facilities are relevant for the purpose of applying the Court's order.

Second, the parties have not yet resolved whether a list of covered facilities should be included with the notices.  The Plaintiffs believe that because the notices would be sent to only APRNs and PAs who actually worked at the agreed-upon "facilities," a list of "facilities" is not necessary.  Including a list of facilities, in the Plaintiffs' view, could confuse the potential class members and make the notices much longer and thus less likely to be read by the intended audience.

The United States maintains that the notices should include a list of covered facilities to provide full and fair notice of what claims are at stake in this litigation and which potential claims, if any, are not. Just as with some of the class representatives, the VA anticipates that a number of potential class members have worked at more than one facility within the Veterans Health Administration. By definition, this class does not include all VA facilities. Thus, it is likely that a class member may have worked at one facility at issue in this lawsuit and at another facility that is not at issue. Including a list of facilities at issue will help potential class members understand that only overtime work alleged to have been performed at those facilities will be resolved by this lawsuit. The corollary is that this information will allow potential class members to understand that potential claims, if any, related to overtime work at facilities not listed will *not* be resolved by this lawsuit.

Third, the parties have not resolved whether APRNs or PAs who work or have worked at VA facilities that are not facilities where at least one opt-in plaintiff also worked as of November 30, 2017, are included in the class definition. The parties agree that, regardless of his opt-in date, if a class member worked in a facility where at least one opt-in plaintiff worked prior to November 30, 2017, his claims are included. *See* Op. and Order at 12. This issue deals with APRNs and PAs who worked in facilities that are not included in the class definition because that work did not occur at a facility where at least one opt-in plaintiff also worked as of November 30, 2017, but whose work otherwise meets the class definition. Plaintiffs refer to these as the "new facilities."

Plaintiffs believe these claims—being identical to those of the original class—should be included in this action. And, plaintiffs believe the most appropriate method of dealing with those claims is to place them in a distinct sub-class for that group, a sub-class of claims for overtime

work that otherwise meets the class definition, except the work occurred in a "new facility" *after November 30, 2017*.[2] As the docket reflects, APRNs and PAs continue to submit opt-in forms to Class Counsel. Some of these have already been filed with the court; many more will be filed shortly. These opt-in forms reflect some "new facilities" as defined above.

This proposal was presented to the United States following the parties' most recent discussion. As of the date of this filing, the United States has not had an opportunity to consider this proposal and cannot, therefore, state its position at this time.

Fourth, as part of the Class Action Administrator mailing process, plaintiffs wish to include with the notices, a self-addressed stamped envelope for return of the executed opt-in form. This proposal was presented to the United States following the parties' most recent discussion. As of the date of this filing, the United States has not had an opportunity to consider this proposal and cannot, therefore, state its position at this time.

Finally, the parties have not reached agreement about the Plaintiff Consent Form and Declaration. In an effort to ensure that only those APRNs and PAs who truly meet the class definition join the action, the United States intends to propose substantive changes to the Plaintiff Consent Form and Declaration to be included with the notices. The United States has not yet had an opportunity to provide these proposed changes to plaintiffs. Accordingly, further discussion is warranted on this issue as well.

In light of the foregoing unresolved issues, which warrant further discussions, the VA respectfully proposes that the Court allow the parties to submit an amended proposed plan for providing notice to potential class members in accordance with RCFC 23(c)(2), addressing all

---

[2] Plaintiffs note that the time periods for class *membership* do not limit the period for class *damages*. Damages for APRNs run from December 28, 2006, until final resolution of the claims; for PAs damages run from November 16, 2009, to final resolution of the claims.

outstanding issues, within 30-days of the Court's order directing such. Counsel of record for the United States will be out of the office for extended training from July 9 to July 23, 2018.

Plaintiffs propose an amended proposed plan for providing notice to potential class members in accordance with RCFC 23(c)(2), addressing all outstanding issues, on or before Monday, July 23, 2018, in light of the length of time the litigation has been ongoing.

Respectfully submitted,

William Michael Hamilton
**PROVOST UMPHREY LAW FIRM LLP**
4205 Hillsboro Pike, Suite 303
Nashville, Tennessee 37215
615.297.1932 – phone
615.297.1986 – fax
mhamilton@provostumphrey.com
*Of Counsel for Plaintiffs*

/s/ David M. Cook
David M. Cook
**COOK & LOGOTHETIS, LLC**
30 Garfield Place, Suite 540
Cincinnati, Ohio 45202
513.287.6980 – phone
513.721.1178 – fax
dcook@econjustice.com
*Attorney of Record for Plaintiffs*

Guy Fisher
**PROVOST UMPRHEY LAW FIRM LLP**
490 Park Street
Beaumont, Texas 77701
409.203.5030 – phone
409.838.8888 – fax
gfisher@provostumphrey.com
*Of Counsel for Plaintiffs*

Clement L. Tsao
**COOK & LOGOTHETIS, LLC**
30 Garfield Place, Suite 540
Cincinnati, Ohio 45202
513.287.6987 – phone
513.721.1178 – fax
ctsao@econjustice.com
*Of Counsel for Plaintiffs*

E. Douglas Richards
**E. DOUGLAS RICHARDS, PSC**
Chevy Chase Plaza
836 Euclid Avenue, Suite 321
Lexington, Kentucky 40502
859.259.4983 – phone
866.249.5128 – fax
edrichards714@yahoo.com
*Of Counsel for Plaintiffs*

Robert H. Stropp, Jr.
**MOONEY, GREEN, SAINDON, MURPHY & WELCH, P.C.**
1920 L. Street, NW, Suite 400
Washington, DC 20036
202.783.0010 – phone
202.783.6088 – fax
rstropp@hotmail.com
*Of Counsel for Plaintiffs*

|  |  |
|---|---|
|  | CHAD A. READLER<br>Acting Assistant Attorney General |
|  | ROBERT E. KIRSCHMAN, JR.<br>Director |
|  | s/ Reginald T. Blades, Jr.<br>REGINALD T. BLADES, JR.<br>Assistant Director |
| JESSICA R. TOPLIN<br>Trial Attorney<br>Commercial Litigation Branch<br>Civil Division<br>Department of Justice | s/ Alexis J. Echols<br>ALEXIS J. ECHOLS<br>Trial Attorney<br>Commercial Litigation Branch<br>Civil Division<br>Department of Justice<br>P.O. Box 480<br>Ben Franklin Station<br>Washington, D.C. 20044<br>Telephone: (202) 616-0463<br>Fax: (202) 307-2503 |
|  | Attorneys for Defendant |

July 6, 2018

### CERTIFICATE OF ELECTRONIC FILING

    I hereby certify that on July 6, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.

                                                   /s/ David M. Cook
                                                   David M. Cook
                                                   *Attorney of Record for Plaintiffs*