## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| STEPHANIE MERCIER, ) <br> AUDRICIA BROOKS, ) <br> DEBORAH PLAGEMAN, ) <br> JENNIFER ALLRED, ) <br> MICHELE GAVIN, ) <br> STEPHEN DOYLE on behalf of ) <br> themselves and all others similarly ) <br> situated, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> THE UNITED STATES OF AMERICA, ) <br> ) <br> Defendant. ) | Case No. 12-920 C <br><br> Judge Elaine D. Kaplan |

## JOINT STATUS REPORT

Pursuant to the Court's February 8, 2019 Order, ECF No. 164, granting Plaintiffs' Motion for Extension of Time, ECF No. 163, the parties have conferred, and respectfully submit the following Joint Status Report and proposed schedule for further proceedings in this case.

## PLAINTIFFS' PROPOSAL

Plaintiffs do not seek bifurcation of liability and damages in this action. Liability and damages are intertwined, and bifurcation of liability and damages discovery will unnecessarily delay the efficient resolution for this case, which has been pending since December 2012. Plaintiffs disagree with Defendant's characterization of how litigation should proceed. Specifically, Plaintiffs view the Government's position as disregarding class certification. Additionally, Plaintiffs oppose the Government's proposed schedule. Their proposal limits discovery to a single issue, does not provide for dispositive motions or a trial date, and will likely extend litigation, already in its seventh year, into the indefinite future. Accordingly, Plaintiffs propose the following

plan for discovery, and request a telephone status conference with the Court to resolve the parties' disagreement.

| DATE | EVENT |
|---|---|
| 90 days prior to completion of discovery | Primary expert designation and report |
| 60 days prior to completion of discovery | Rebuttal expert designation and report |
| January 31, 2020 or 90 days prior to trial | Completion of discovery (liability and damages); dispositive motions due |
| May 2020 | Requested Trial Date |

## **DEFENDANT'S PROPOSAL**

Defendant, the United States, proposes that the Court bifurcate the issues of liability and damages. Pursuant to Rule 42(c) of the Rules of the United States Court of Federal Claims (RCFC), "the [C]ourt may at any time order that issues of liability and issues of damages be addressed in separate proceedings." RCFC 24(c)(1). There are approximately 4,000 plaintiffs in this class action. Bifurcation will permit the parties to efficiently resolve the issue of liability before engaging in the cumbersome task of determining the quantum of damages for each of the thousands of class members.

This case is now well-suited for bifurcated proceedings. As the Court recognized in its order granting plaintiffs' motion for class certification,

> The gravamen of Plaintiffs' legal theory, as supported by the evidence submitted in connection with their motion, is that under [Department of Veterans Affairs (VA)] policy, APRNs and PAs were required to promptly review and respond to view alerts. See Pls.' Mot. App. at A48 (excerpt from VA Handbook stating that "[e]lectronic health

2

      record users must respond promptly (as defined by facility policy) to 'View Alerts[]'"). Further, they allege that professional standards require prompt review of view alerts, and that such prompt review is also required to protect patient health and safety and to avoid the risk of malpractice claims. See id. at A47–48; see also id. at A154 (excerpt from VA directive stating that "the timely communication of test results . . . is essential to ensuring safe and effective healthcare"); Singh Dep. at 127:12–129:25, ECF No. 125-4 (VA 30(b)(6) witness testifying that failure to promptly review and respond to view alerts could compromise patient care). In addition, according to Plaintiffs, APRNs and PAs may be subject to discipline or counseling for failing to promptly manage their view alerts. See Pls.' Mot. App. at A39–40 (setting mandatory policies regarding the timing of record completion); Mercier Dep. at 52:3–62:25, ECF No. 125–6; Brooks Dep. at 50:1–52:10, ECF No. 125–7. Further, under VA policy, Plaintiffs could (and did) request and receive remote access to the VA's network for the purpose of performing view alert management during their off-duty hours. See Pls.' Reply App. at A35–36.

Because plaintiffs' theory of inducement relies upon VA policies and professional standards, the Court will be able to resolve the issue of liability based upon whether any and, if so, which, policies and standards induced plaintiffs to work overtime. The Court would be able to make this determination without being encumbered with determining the individualized treatment of each class member, which would be required to determine the quantum of damages. If the Court bifurcates the proceedings, resolution on the issue of liability in favor of the United States would obviate the need for the Court and the parties to expend considerable time and resources pursuing the question of damages. Alternatively, if the Court resolves the issue of liability in plaintiffs' favor, that decision would inform and facilitate the parties' resolution of damages, which the parties may be able to accomplish with limited involvement of the Court.

      That is, the scope of damages may be dependent upon the Court's resolution of the various issues to be decided in the liability phase. For example, one issue to be decided is the precise time period during which the alleged policies and standards may have given rise to plaintiffs' inducement, if at all. If the case is bifurcated, any liability-related issue clarifying the scope of

3

damages would be resolved before proceeding to the damages phase. This will allow for more targeted discovery on damages (*e.g.* limiting discovery to eligible class members during the eligible time period(s)). It will also enable any damages-related discovery and expert opinion to focus on the proper variables for determining the proper quantum of damages. If this case is not bifurcated, the parties will litigate various, and potentially incongruous, assumptions regarding the proper methods and inputs for the damages calculation. Attempting to determine damages simultaneously with determining liability would be, at best, remarkably confusing and wastefully inefficient.

For the foregoing reasons, the United States respectfully requests that the Court bifurcate the issues of liability and damages and respectfully proposes the following schedule for proceedings in the liability phase:

| DATE | EVENT |
| --- | --- |
| March 4, 2019 | Discovery on liability commences. |
| June 3, 2019 | Plaintiffs' expert report(s), if any, due. |
| August 5, 2019 | Defendant's expert report(s), if any, due. |
| September 9, 2019 | Discovery closes. |
| September 30, 2019 | Parties file a joint status report proposing a schedule for further proceedings. |

Respectfully submitted,

| | |
|---|---|
| /s/ David M. Cook | JOSEPH H. HUNT |
| David M. Cook | Assistant Attorney General |
| **COOK & LOGOTHETIS, LLC** | |
| 30 Garfield Place, Suite 540 | ROBERT E. KIRSCHMAN, JR. |
| Cincinnati, Ohio 45202 | Director |
| Phone: (513) 287-6980 | |
| Fax: (513) 721-1178 | |
| dcook@econjustice.com | /s/ Reginald T. Blades, Jr. |
| *Attorney of Record for Plaintiffs* | REGINALD T. BLADES, JR. |
| | Assistant Director |
| Clement Tsao | |
| **COOK & LOGOTHETIS, LLC** | |
| 30 Garfield Place, Suite 540 | /s/ Alexis J. Echols |
| Cincinnati, Ohio 45202 | ALEXIS J. ECHOLS |
| Phone: (513) 287-6987 | Trial Attorney |
| Fax: (513) 721-1178 | Commercial Litigation Branch |
| ctsao@econjustice.com | Civil Division |
| *Of counsel for Plaintiffs* | Department of Justice |
| | P.O. Box 480 |
| Robert H. Stropp, Jr. | Ben Franklin Station |
| **MOONEY, GREEN, SAINDON, MURPHY** | Washington, D.C. 20044 |
| **& WELCH, P.C.** | Telephone: (202) 616-0463 |
| 1920 L Street, N.W., Suite | Fax: (202) 307-2503 |
| 400Washington, D.C. 20036 | |
| Phone: (202) 783-0010 | JESSICA R. TOPLIN |
| Fax: (202) 783-6088 | Trial Attorney |
| rstropp@hotmail.com | Commercial Litigation Branch |
| *Of counsel for Plaintiffs* | Civil Division |
| | Department of Justice |
| William Michael Hamilton | |
| **PROVOST UMPHREY LAW FIRM LLP** | Attorneys for Defendant |
| 4205 Hillsboro Pike, Suite 303 | |
| Nashville, Tennessee 37215 | |
| Phone: (615) 297-1932 | |
| Fax: (615) 297-1986 | |
| mhamilton@provostumphrey.com | |
| *Of counsel for Plaintiffs* | |
| | |
| Guy Fisher | |
| **PROVOST UMPHREY LAW FIRM LLP** | |
| 490 Park Street | |
| Beaumont, Texas 77701 | |
| Phone: (409) 203-5030 | |
| Fax: (409) 838-8888 | |
| gfisher@provostumphrey.com | |

E. Douglas Richards
**E. DOUGLAS RICHARDS, PSC**
619 Cooper Drive
Lexington, KY 40502
Phone: (859) 269-1974
Fax: (866) 249-5128
edrichards714@yahoo.com
*Of counsel for Plaintiffs*

February 15, 2019