## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| STEPHANIE MERCIER, </br> AUDRICIA BROOKS, </br> DEBORAH PLAGEMAN, </br> JENNIFER ALLRED, </br> MICHELE GAVIN, </br> STEPHEN DOYLE on behalf of themselves and all others similarly situated, </br> </br> Plaintiffs, </br> </br> v. </br> </br> THE UNITED STATES OF AMERICA, </br> </br> Defendant. | Case No. 12-920 C </br></br> Judge Elaine D. Kaplan |

## REQUEST FOR STATUS HEARING

As the Court is aware, a status conference was held on May 3, 2019 regarding Plaintiffs' requests for production of documents kept by the VA that are relevant to damage issues in this case. After the Court instructed the parties that Plaintiffs would not be required to secure and produce Social Security numbers to the VA, the Court requested that counsel meet and confer regarding production of these documents and work towards an agreeable schedule and procedure for VA production of this information. Regrettably, after two meet and confer conference calls held on May 9th and May 15th the parties require the Court's assistance with regard to the production of these damage documents and data.

Plaintiffs learned for the first time during the May 9th meet and confer call that the VA would not complete the litigation hold and recovery of relevant documents until *at the earliest* 180 days. This time estimate would not include the additional time needed for VA counsel to inspect the documents/data for privilege review. Based on this schedule, VA counsel would not even

receive the responsive documents from the VA until approximately November 9, 2019 – or later - and Plaintiffs would not receive the documents until weeks or even months later after VA counsel reviews the documents before production. Given that the discovery deadline in this case is December 31, 2019 this schedule is unacceptable to Plaintiffs.

The VA's explanation for the length of the production schedule is also unacceptable. During the meet and confer conference calls, the reasons provided by the VA for at least a 180 day production delay are: 1) VA only has 4 employees that can manage this project and these employees have other cases they are currently working; 2) The documents are kept on multiple servers in various regions of the country instead of one nationwide location; and 3) The relevant responsive documents can't be gathered until a litigation hold is completed. Plaintiffs will address each of the reasons offered by the VA and specify to the Court why these reasons are without merit.

**VA ONLY HAS FOUR EMPLOYEES TO WORK ON DOCUMENT PRODUCTION**

The VA has been aware of this case being certified as a class action since June 7, 2018. The VA knew as of October 2018 that over 16,000 potential class members existed to opt-in to this litigation. The VA knew as of January 15, 2019 that over 3,000 class members had opted into this case. The VA was already aware that payroll records, tour of duty reports, APRN and PA signature notes and other records would have to be produced in this litigation because these very documents were subject to numerous discovery inquiries during class discovery. And, the VA knew these documents and this data are necessary for Plaintiffs to properly calculate damages to the class.

Yet the VA has failed to allocate the resources necessary to timely produce the damage documents and data they had actual knowledge would be requested during the discovery phase of

this litigation. An organization the size of the VA can not rely on four employees to produce documents for all national litigation in which the VA is a party. Plaintiffs in an effort to assist the VA to determine the specific format of the documents needed for the class members asked the VA on February 26, 2019 to produce in an electronic format that is searchable and useable the same documents already produced in hard copy form during class discovery for Class Rep Deborah Plageman. Plaintiffs even provided the bates stamped numbers for the documents requested. The purpose of this request was to permit Plaintiffs' experts to perform a search using the documents produced in electronic form in order to determine the specific documents needed for damage calculations. The clear intent is so the VA would not need to produce irrelevant information and the production time and costs could be minimized.

However, even this limited information has still not been produced by the VA. On May 16, 2019 the VA advised Plaintiffs it could produce the electronic data requested, but its counsel would not receive the data until Friday, May 24. After receipt we have been advised the data will then be subject to quality control and processing for production. However, the VA has not yet provided Plaintiffs with a specific date for production of even this small, limited set of data.

## DOCUMENTS ARE KEPT ON MULTIPLE SERVERS

The VA stores the relevant documents in various regions of the country on multiple servers. This multi-server storage system should increase the speed for the VA to retrieve the relevant documents. The VA already knows which facilities the class members worked (as the class definitions specifically noted "covered facilities" and a list was produced) and should be able to provide a list of claimants that worked in each region so that they can have each region working to retrieve documents. In fact, the VA had to review that very data in order to produce the 16,000 names on the original class eligible list. Better yet, the VA can provide each region the entire list

of claimants and pull the relevant documents at each region since there will be no over-lap of information because different data is kept on each server. Every VA region must have IT personnel who are experts with the information stored on these regional servers that can pull information through the searches already developed for the class reps that can be applied to the class members. These documents can be accumulated in each of the 15+ regions contained in the VA system at the same time.

The VA has already devised the search terms needed to pull the documents for the class reps; these same search terms would work for the other 3,300 class members. A simple search program that automates the process for searching for data relevant to each class member is certainly technically feasible so that each class member's information doesn't have to be entered into the system individually. With the number of regional servers available and using the search terms already established for the class reps with an automated process searching for all 3,300 class members at the same time the acquisition of the required documents should take days - not 6 months.

<b><u>RELEVANT DOCUMENTS CAN NOT BE GATHERED<br>UNTIL LITIGATION HOLD IS COMPLETED</u></b>

The litigation hold that the VA has referenced simply has nothing to do with many of the most critical damage documents requested by Plaintiffs which include a) Medical notes/orders prepared by class members, b) Tour of duty reports; and c) Payroll records. The VA is already required by law to keep Medical notes/orders, tour of duty reports and payroll records for the relevant class period. Therefore, the VA doesn't need to place any litigation hold on these records to save them. Instead the VA can just start the gathering process now. Some of the documents requested like Log in/out records and View Alerts are only saved for a specific time period before they are deleted from the system pursuant to VA document deletion policies. Based on the

production of log in/out and View Alert documents produced for the class reps it appears the VA was able to go back only approximately 6 months prior to a litigation hold notice being issued for the class rep. Based on this, for the class members who opted-in by January 15, 2019 the VA will only be able to preserve through litigation hold Log in/out records and View Alerts that date from October 2018 to the present. Placing litigation holds for this short period of time does not justify delaying production of those documents the VA currently has in their possession – documents which cover the entire class period, and all of which are wholly unaffected by a litigation hold.

## **CONCLUSION**

This case has been litigated for more than 6 years and the document production schedule offered by the VA would further delay trial of this case for at least another year, if not longer. Plaintiffs document requests are not unreasonable nor are they a surprise to the VA. The reasons offered by the VA for the minimum 180 day delay for producing these relevant documents are without merit. Plaintiff respectfully requests this Court to order production of the Medical notes/orders, payroll records, and tour of duty reports within 30 days.  Plaintiffs respectfully request the VA to produce the Log in/out records and view alerts and other documents subject to a litigation hold within 90 days.

Plaintiffs request a status conference call with the court this week if at all possible to avoid further delay.

|  | Respectfully Submitted, |
|---|---|
| William Michael Hamilton<br>**PROVOST UMPHREY LAW FIRM LLP**<br>4205 Hillsboro Pike, Suite 303<br>Nashville, Tennessee 37215<br>615.297.1932 – phone<br>615.297.1986 – fax<br>mhamilton@provostumphrey.com<br>*Co-Class Counsel for Plaintiffs* | s/ David M. Cook<br>David M. Cook<br>**COOK & LOGOTHETIS, LLC**<br>30 Garfield Place, Suite 540<br>Cincinnati, Ohio 45202<br>513.287.6980 – phone<br>513.721.1178 – fax<br>dcook@econjustice.com<br>*Attorney of Record for Plaintiffs/Class Counsel* |
| Guy Fisher<br>**PROVOST UMPRHEY LAW FIRM LLP**<br>490 Park Street<br>Beaumont, Texas 77701<br>409.203.5030 – phone<br>409.838.8888 – fax<br>gfisher@provostumphrey.com<br>*Of Counsel for Plaintiffs* | Bennett P. Allen<br>**COOK & LOGOTHETIS, LLC**<br>30 Garfield Place, Suite 540<br>Cincinnati, Ohio 45202<br>513.287.6987 – phone<br>513.721.1178 – fax<br>ctsao@econjustice.com<br>*Of Counsel for Plaintiffs* |
| E. Douglas Richards<br>**E. DOUGLAS RICHARDS, PSC**<br>Chevy Chase Plaza<br>836 Euclid Avenue, Suite 321<br>Lexington, Kentucky 40502<br>859.259.4983 – phone<br>866.249.5128 – fax<br>edrichards714@yahoo.com<br>*Of Counsel for Plaintiffs* | Robert H. Stropp, Jr.<br>**MOONEY, GREEN, SAINDON, MURPHY & WELCH, P.C.**<br>1920 L. Street, NW, Suite 400<br>Washington, DC 20036<br>202.783.0010 – phone<br>202.783.6088 – fax<br>rstropp@hotmail.com<br>*Of Counsel for Plaintiffs* |
| William H. Narwold<br>**Motley Rice LLC**<br>One Corporate Center<br>20 Church Street, 17th Floor<br>Hartford, CT 06103<br>860.882.1676 – phone<br>860.882.1682 – fax<br>bnarwold@motleyrice.com<br>*Of Counsel for Plaintiffs* | Mathew P. Jasinski<br>**Motley Rice LLC**<br>One Corporate Center<br>20 Church Street, 17th Floor<br>Hartford, CT 06103<br>860.218.2725 – phone<br>860.882.1682 – fax<br>mjasinski@motleyrice.com<br>*Of Counsel for Plaintiffs* |

May 20, 2019

## **CERTIFICATE OF SERVICE**

  I hereby certify that on May 20, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel for all parties.

              s/ David M. Cook
              David M. Cook
              *Attorney of Record for Plaintiffs*