# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| STEPHANIE MERCIER, )<br>AUDRICIA BROOKS, )<br>DEBORAH PLAGEMAN, )<br>JENNIFER ALLRED, )<br>MICHELE GAVIN, )<br>STEPHEN DOYLE on behalf of )<br>themselves and all others similarly )<br>situated, )<br>)<br>                        Plaintiffs,   )<br>)<br>  v.                               )<br>)<br>THE UNITED STATES OF AMERICA, )<br>)<br>                        Defendant.  ) | Case No. 12-920 C<br><br>Judge Elaine D. Kaplan |

## DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO AMEND SCHEDULING ORDER

Pursuant to Rules 6(b), 7(b) and 16(b)(4) of the Rules of the United States Court of Federal Claims, defendant, the United States, respectfully submits this reply to plaintiff's response to our motion to amend the scheduling order.

In our motion to amend the scheduling order, we demonstrate that a revised schedule is necessary in light of the impact that COVID-19 has had on the Veterans Health Administration (VHA), whose re-prioritization of resources to the public health emergency has caused a temporary delay in the agency's efforts to respond to plaintiffs' discovery requests. Although plaintiffs expresses "some sympathy for the VA's position," plaintiffs "vigorously oppose" our motion because plaintiffs believe that the agency's delay in producing documents in connection with 130 plaintiffs is not attributable to the pandemic. Pl. Resp. Br. at 1, 5. The facts prove otherwise.

On February 2 and February 5, 2020, counsel for the plaintiffs notified the Government that there were a total of 130 opt-in plaintiffs whose tour of duty, payroll, and electronic health records had not been included in the Government's previous productions. The agency was in the process of collecting this data when the COVID-19 pandemic led the agency to shift resources and personnel to assist in the Federal government's response to the public health emergency. The Government will produce the sign-in/sign-off data, notes and orders, and other electronic medical records by the end of this week.[1] And the Government anticipates producing the tour of duty and payroll records for the remaining opt-in plaintiffs in the next several weeks. Contrary to plaintiffs' intimation, both of these productions were, in fact, delayed by the agency's devoting resources in response to the COVID-19 pandemic. For that reason, the deadlines for the production of expert reports should be extended so that both parties' experts can incorporate this data into their respective analyses.

As we demonstrate in our motion, an extension is also necessary because more time is required to permit the parties to complete depositions. Plaintiffs suggest that an extension is not warranted because the Government, during class discovery, has already deposed five of the six named plaintiffs. Pl. Resp. Br. at 7. The Government, however, has the undisputed right to depose these witnesses during the merits phase of discovery to explore issues that were not the focus of their prior depositions, which concerned class certification issues.

---

[1] In our motion to amend, we stated that this production will consist of 5000 records, including replacement files for previously-produced documents that contained corrupted data. However, upon review, we have determined that we produced these replacement files to plaintiffs on February 12, 2020. Therefore, the production that will take place the week of May 18 will consist of approximately 3500 records.

Plaintiffs also argue that an extension is unwarranted because plaintiffs' counsel is willing to make the named plaintiffs available for deposition in Washington, D.C.  Plaintiffs' proposal does not avoid the concerns that animate the National Courts Section's recently-issued guidance to its attorneys regarding the conduct of depositions, which requires attorneys to seek enlargements of discovery to avoid the prospect of having to take or to defend depositions during this period of quarantine and state ordered lockdowns.

During this time, we are prohibited from going into the office except with express permission that will be granted for only exceptional circumstances.  And at this time, traveling to conduct depositions – including those taking place in the Washington, D.C. area – has been determined not to be mission-critical work of the Department of Justice.  Our office has considered the use of certain technologies to allow otherwise in-person interactions to occur over video conference during this time, but we have found that they will not be satisfactory in these circumstances.  First, may virtual deposition platforms have not been approved for use by our office.  Further, even for the platforms that have been used, attorneys have encountered significant technical challenges in conducting proceedings that would otherwise be in person.  For example, there is the invariable time delay between parties when they speak, which results in parties speaking over each other and narrative being lost.  On more than one occasion, the connection that joins all parties to the remote platform has been dropped in the middle of a proceeding and gone undetected for some time before the proceeding stops.  And in some cases, a party has been forced to conclude the proceeding without the video access because they were unable to reestablish the video connection after it was dropped.  In these circumstances, accurate transcription of a deposition is impossible.

As an adversarial proceeding when sworn testimony is taken to be preserved for use at trial, it is of utmost importance that during a deposition, the continuity of testimony is maintained and that the questioner can effectively gauge the credibility of a witness and ask follow-up questions without interruption.  In a remote deposition, we would be required to review each exhibit in its entirety on 13-inch laptop screens, or a small home monitor, while also sharing those screens with the video feature reflecting the deponent and whoever else is in the room, as well as opposing counsel.  This arrangement would create significant confusion and hinder our ability to effectively examine the deponent.  At bottom, a remote deposition would have a deleterious impact on our ability to utilize this discovery device effectively for its intended purpose – the discovery of important information and the efficient preservation of testimony.

For these reasons, and in light of these unprecedented and challenging circumstances, we respectfully request that this Court grant our motion to amend the scheduling order and to adopt the revised deadlines contained therein.

Respectfully Submitted,

JOSEPH H. HUNT
Assistant Attorney General

ROBERT E. KIRSCHMAN, JR.
Director

s/ Reginald T. Blades, Jr.
REGINALD T. BLADES, JR.
Assistant Director


s/P. Davis Oliver
P. DAVIS OLIVER
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
P.O. Box 480

Washington, D.C. 20044
Telephone: (202) 353-0516
Fax: (202) 307-0972
P.Davis.Oliver@usdoj.gov
*Attorney for Defendant*

May 20, 2020

**CERTIFICATE OF SERVICE**

      I hereby certify that on, May 20, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel for all parties.

/s/ P. Davis Oliver