# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| STEPHANIE MERCIER, | ) | |
| AUDRICIA BROOKS, | ) | |
| DEBORAH PLAGEMAN, | ) | |
| JENNIFER ALLRED, | ) | |
| MICHELE GAVIN, | ) | Case No. 12-920 C |
| STEPHEN DOYLE on behalf of | ) | |
| themselves and all others similarly | ) | Judge Elaine D. Kaplan |
| situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S RESPONSE TO PLAINTIFFS' REQUEST FOR A STATUS CONFERENCE

The defendant, the United States, respectfully submits this response to plaintiffs' request for a status conference. We agree with the request for a status conference and offer this response in order to provide more details concerning the production issue referenced in plaintiffs' motion.

In June 2019, the plaintiffs propounded the document request at issue, which requested that the Department of Veterans Affairs (VA) produce all patient records upon which a member of the class affixed his/her electronic signature (*i.e.*, all Notes and Orders). VA medical providers enter electronic signatures for patient electronic health records by Notes and Orders in the VA's Computer Patient Record System (CPRS), and these Notes and Orders are maintained in the Veterans Information System Architecture (VistA) database. In August 2019, in response to plaintiffs' document request, VA Information Technology (IT) Operations and Services coordinated the extraction of Notes and Orders data for all class members. Pulling electronic

signature data from the Notes and Orders files required development of a special extract code that limited the search to Notes and Orders that were signed between 2006 and 2019. Notes and Orders that were signed prior to 2006 are outside the statute of limitations. Starting in November 2019, and to date, the VA has produced approximately 59 million Notes and 8 million Orders.

On September 9, 2020, in connection with preparing for his deposition, a member of the VA IT Operations Services investigated the issue of whether there was a variance between when a provider *started* working on a Note or Order and when a provider *completed* a Note or Order, given that either of these tasks could represent time that a provider spent working outside of their shift. That investigation led the IT Operations and Services to write an extract code so that a data pull would include fields for both the "entered date," -- when the provider began working on the Note or Order -- and a "signed date," *i.e.*, when the provider completed the Note or Order. This new extract code was run for a single individual at a VA facility on September 11, 2020. A comparison of the data from the original extract code (run in August 2019) to the data from the new extract code, revealed two issues:

First, with respect to the Notes files, the data from the new extract code came back with the same number of Notes as the first data pull. Also, the second data pull with the new extract code showed the signed date as well as the entered date; whereas, the original extract only exported the entered date. In other words, the VA mistakenly assumed that the original date restriction for the Notes data pull reflected the date the Note was signed; whereas, in fact, the original extract pulled only information reflecting when a practitioner first entered the Note. To correct this error, we will produce the Notes data from the new extract, which will contain both the entered date/time and the signed date/time. The new production of Notes will add a field ("signed date") to the Notes data that we previously produced.

Second, with respect to the Orders, VA IT Operations Services noticed that the number of Orders increased dramatically – from 6,000 orders to more than 200,000 orders for a single provider at one facility.  Upon further review, they discovered that the cross-reference for Orders is corrupt, despite the fact that the cross-reference did not produce an error message during the previous data pull.  The cross-reference – also known as an index file – is a code to sort within the VistA database to find responsive records.  The VA has not yet determined why the cross-reference is corrupt.   At bottom, the VA's reliance upon the corrupt cross-reference resulted in the Government failing to identify and to produce a significant number of Orders.  To correct that error, the VA has utilized a different methodology to extract data that reads directly from the file and eschews reliance upon an index.  Specifically, the new methodology pulled each record to determine if the data falls within the appropriate date range, rather than relying on the cross-reference to pull records.  The VA believes that this new methodology accurately culled all of the responsive Orders.

On September 30, 2020, we received from the VA a hard drive that contained approximately 60 million Notes and 188 million Orders.  Our IT staff is processing that data and we anticipate producing the data to plaintiffs before the end of this week.  Like plaintiffs, we understand that both parties' experts will need time to process, to analyze, and to incorporate this new data into their expert reports.  And, under these circumstances, those tasks cannot be completed prior to the close of expert discovery on October 16, 2020.   For that reason, a status conference is necessary to discuss the ramifications of our upcoming production on the case schedule.

As plaintiffs reference in their motion, it is our view that settlement discussions are most likely to be efficacious following the close of discovery, and in particular, following the

depositions of the parties' experts, when we will be in a better position to assess our litigation risk.

    Plaintiffs also reference their intent to file a motion with respect to the eligibility of three Montana VA putative class members. We will respond to that motion in the time period prescribed by the Rules or this Court.

                                       Respectfully Submitted,

                                       JEFFRERY BOSSERT CLARK
                                       Acting Assistant Attorney General

                                       ROBERT E. KIRSCHMAN, JR.
                                       Director

                                       <u>s/ Reginald T. Blades, Jr.</u>
                                       REGINALD T. BLADES, JR.
                                       Assistant Director


                                       <u>s/P. Davis Oliver</u>
                                       P. DAVIS OLIVER
                                       Senior Trial Counsel

Commercial Litigation Branch
Civil Division
Department of Justice
P.O. Box 480
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 353-0516
Fax: (202) 307-0972
P.Davis.Oliver@usdoj.gov
*Attorney for Defendant*

## CERTIFICATE OF SERVICE

      I hereby certify that on October 5 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel for all parties.

                  /s/ P. Davis Oliver