# In the United States Court of Federal Claims

|  |  |
|---|---|
| STEPHANIE MERCIER, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | No. 12-920C |
| v. ) | (Filed: October 13, 2020) |
| ) | |
| THE UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

**ORDER TO SHOW CAUSE**

While preparing for a deposition scheduled for this week, a government witness discovered that the Department of Veterans Affairs' ("DVA") information technology team had employed faulty algorithms in the searches it conducted over a year ago to respond to one of Plaintiffs' requests for production of documents. As a result, the government provided incomplete data to Plaintiffs concerning class members' log-in/log-out times, View Alerts, and electronic Notes and Orders. The missing data, according to Plaintiffs, consists of some 60 million notes and 180 million orders.

At the status conference held last week, Plaintiffs explained that their damages expert had spent significant time uploading, organizing, and analyzing the data DVA provided and that she had prepared her expert report on the basis of the information DVA supplied. Because data was missing, she was required to indulge certain assumptions in forming her opinion. According to counsel for the Plaintiffs, the government's expert then took advantage of the incomplete nature of the data that DVA provided, challenging her reliance on those assumptions.

The government should have by now provided the corrected and complete data to Plaintiffs' expert. As a result of the DVA's error, however, Plaintiffs' expert must now again upload, organize, and analyze the new data and prepare a new expert report. Further, the Court has had to adjust the schedule for completion of discovery again, notwithstanding that it previously advised the government that it would not permit further enlargements of the discovery period absent extraordinary circumstances. The Court has also had to push back the trial date by two weeks. See Order (June 4, 2020), ECF No. 195.

Rule 37(b)(2) of the Court of Federal Claims permits the Court to "issue further just orders," including the imposition of sanctions, "[i]f a party . . . fails to obey an order to provide . . . discovery." Paragraph (C) states that one of the sanctions available to the Court is to order the offending party to pay the expenses of the other party incurred as a result of the failure to

comply with its obligations, "unless the failure was substantially justified or other circumstances make an award of expenses unjust."

Therefore, the Court directs the government to show cause by **Tuesday October 27, 2020** why the Court should not award the Plaintiffs reimbursement for expert expenses and attorneys' fees incurred unnecessarily as a result of the government's failure to comply with its discovery obligations. Plaintiffs shall respond to the government's filing by **Tuesday, November 10, 2020**.

**IT IS SO ORDERED.**

s/ Elaine D. Kaplan
ELAINE D. KAPLAN
Judge