## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| STEPHANIE MERCIER, *et al*., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 12-920C |
| | ) | (Judge Kaplan) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

### DEFENDANT'S RESPONSE TO PLAINTIFF'S BRIEF ON THE ISSUE OF WHETHER PROVIDERS AT THE MONTANA VA FACILITY SHOULD BE INCLUDED AS MEMBERS OF THE CLASS

Pursuant to the Court's October 13, 2020 Order (ECF No. 204), defendant, the United States, respectfully submits this response to Plaintiff's Brief on the Issue of Whether Providers at the Montana VA Facility Should Be Included as Members of the Class (ECF No. 208). Recognizing that no opt-in plaintiff (as of November 30, 2017) worked or has worked at the Fort Harrison VA, as required by the Court's definition of the class, plaintiffs assert that Jennifer Allred, a named plaintiff, is an opt-in plaintiff because she joined the lawsuit on November 16, 2015. ECF No. 208, at 2 n.2. Not being an original named plaintiff, however, is not the same as being an opt-in plaintiff.

In a class action, named plaintiffs sue on behalf of themselves and also on behalf of the putative class members. RCFC 23(a). Ms. Allred is such a named plaintiff suing on behalf of herself and other putative class members. Amended Complaint, ECF No. 56; Plaintiffs' Motion to Certify Class Action, ECF No. 127, at 2 ("Plaintiffs also move for the appointments . . . of the named plaintiffs Stephanie Mercier, Audricia Brooks, Deborah Plageman, Jennifer Allred, and Michele Gavin as Class Representatives for the Rule 23 Class."); Opinion and Order, ECF No.

138, at 2 ("The named plaintiffs in this putative class action are four APRNs and one PA . . . ."
(citing Amended Complaint)).

Under RCFC 23, putative class members must opt-in to the class action brought by the
named plaintiffs on their behalf.  RCFC 23, Rules Committee Notes, 2002.  According to
plaintiffs' Motion to Certify Class Action, there were "374 opt-in plaintiffs" as of November 30,
2017.  Plaintiffs' Mot. to Certify Class Action, ECF No. 127, at 12.  When plaintiffs, in their
motion, proposed a class definition limited to employees "who work, have worked, or will work
at VA facilities where at least one opt-in plaintiff also works, or has worked, as of [November
30, 2017]" (*id.* at 2), they were referring to these 374 opt-in plaintiffs.  Not surprisingly, named
plaintiff Ms. Allred is not one of the 374 opt-in plaintiffs.  Decl. of David M. Cook In Support of
Plaintiffs' Motion for Class Certification (Cook Decl.), ECF No. 127-1, Exh. No. 8, at A222-
A229.  There is simply no support for Ms. Allred's assertion that she is an opt-in plaintiff.

Even if Ms. Allred were one of the opt-in plaintiffs in plaintiffs' Motion for Class
Certification, which she was not, her work at Fort Harrison VA Medical Center would not make
it a class facility.  The Court's definition of the class effectively limits the class facilities to those
that were part of the class as of November 30, 2017.  As we pointed out in our opening brief, Ms.
Allred worked at the Fort Harrison VA Medical Center prior to the class claim period.  As of
November 30, 2017, therefore, Fort Harrison VA Medical Center was not a class facility.
Allowing plaintiffs to add a new facility to the class based on work outside of the claim period
would contradict the limit on class facilities in the Court's definition of the class.

In short, the Fort Harrison VA is not one of the facilities at which any opt-in plaintiff
worked or has worked as of November 30, 2017.  The employees at this non-class facility,

identified by plaintiffs as Emily Russ, Paula Durrell, and Tera Gorecki (ECF No. 208, at 1),

therefore, do not satisfy the court's definition of the class.

                                             Respectfully Submitted,

                                             JEFFREY BOSSERT CLARK
                                             Acting Assistant Attorney General

                                             ROBERT E. KIRSCHMAN, JR.
                                             Director

                                             s/ Reginald T. Blades, Jr.
                                             REGINALD T. BLADES, JR.
                                             Assistant Director

                                             s/ P. Davis Oliver
                                             P. DAVIS OLIVER
OF COUNSEL:                                   Senior Trial Counsel
                                             Commercial Litigation Branch
DAVID M. KERR                                Civil Division, Department of Justice
BORISLAV KUSHNIR                             P.O. Box 480
Trial Attorneys                              Ben Franklin Station
                                             Washington, D.C. 20044

                                             Attorneys for Defendant
November 3, 2020