# In the United States Court of Federal Claims

|  |  |
|---|---|
| STEPHANIE MERCIER, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | No. 12-920C |
| v. ) | (Filed: May 28, 2021) |
| ) | |
| THE UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**ORDER**

      The Court held a status conference today at Plaintiffs' request to discuss their concerns about the pace of the Justice Department's process for reviewing and approving the proposed settlement agreement in this case. Counsel reached a settlement in principle in January of this year after participating in the court's Alternative Dispute Resolution program. Plaintiffs then provided the government with a settlement allocation spreadsheet for all members of the class, and counsel finalized the language of the proposed settlement agreement in mid-March. The Court understands that the settlement agreement has been reviewed (and presumably approved) by the Acting Assistant Attorney General for the Civil Division and that it has been in the Deputy Attorney General's office for final review and approval for the last seventeen days.

      This case has a protracted history. The plaintiffs—Department of Veterans Affairs ("the VA") nurses and physician's assistants—filed this action for unpaid overtime on December 28, 2012. ECF No. 1. The Court dismissed the case on the government's motion on February 27, 2014. ECF No. 24. On July 6, 2015, the court of appeals reversed the Court's decision and remanded the case. ECF No. 32. Since the remand from the court of appeals, the case has experienced multiple discovery delays—including at least one that was due to errors by VA personnel. See ECF No. 218 (Opinion and Order) (awarding expert fees to Plaintiffs because of the VA's lack of care in timely producing complete data to Plaintiffs' expert).

      Plaintiffs in this case are public servants who provide patient care to the nation's veterans. The Court assumes that they are by and large not persons of substantial means. At this point, the litigation has been pending for more than eight years and at least some of the allegedly unpaid overtime may have been worked as long as fourteen years ago. In addition, given the requirements for court approval of settlement agreements under Rule 23(e) of the Rules of the Court of Federal Claims, it may still be some time after an agreement is signed before Plaintiffs actually receive any relief.

The Court appreciates that the current Deputy Attorney General only recently took office and that she and her staff undoubtedly have much on their plates. Nonetheless, this case is not a terribly complicated one and—so far as the Court can tell—its resolution does not implicate any broader policy concerns of the United States. In that light, the Court does not think it unreasonable to expect that no more than a few weeks (and certainly no more than thirty days) would be needed for the Deputy Attorney General's office to complete its review of the settlement agreement in this case.

For these reasons, unless a final decision regarding the settlement agreement is made in the interim, the government shall file a status report with the Court by **Monday June 14, 2021** explaining with specificity why no decision has yet been reached, what else remains to be done, and when it will be done.

**IT IS SO ORDERED.**

s/ Elaine D. Kaplan
ELAINE D. KAPLAN
Chief Judge